**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

UNITED STATES OF AMERICA,

v.  Case No. 1:05CR6 SPM/AK

ALEX JUAN GARRISON,

    Defendant.

### ORDER PARTIALLY DENYING DEFENDANT'S MOTION TO SUPPRESS AND RESERVING JUDGMENT ON REMAINDER

THIS CAUSE comes for consideration upon Defendant's, ALEX JUAN GARRISON's, Motion to Suppress dated April 26, 2005 (Document 17-1.) Defendant moves to suppress, *inter alia*, certain evidence obtained by law enforcement agents upon execution of a search warrant of Defendant's home on September 29, 2004.  (Document 17-1, ¶¶ 5, 6.)  Defendant argues that the affidavit prepared by Deputy Travis E. Devinny in support of an application for a search warrant (Document 17-2) does not demonstrate that there was probable cause to issue a warrant to search the interior of his residence.  (Document 17-1, ¶ 6.)  Therefore, Defendant contends that any evidence obtained as a result of the execution of that warrant should be suppressed.  (Document 17-1, ¶ 8.)

The resolution of this issue does not require an evidentiary hearing.  See United States v. Lockett, 674 F.2d 843, 45 (11th Cir. 1982).  Because the

resolution of the remainder of the issues raised by Defendant's motion to suppress and supplementary motions (Documents 17-1, 23, and 27) does require an evidentiary hearing, this Court will reserve judgment on the remainder of this issues until completion of the evidentiary hearing scheduled for June 8, 2005.

**I.    Background**

Sometime before September 29, 2004, Alachua County Sheriff's Office Narcotics and Organized Crime Unit Deputy Sheriff Travis E. Devinny submitted to state court an application for a warrant to search the residence located at 14807 NW CR 2054 in Alachua, Florida.  (Document 17-2).  Attached to the application was an affidavit in which Deputy Devinny recounted the events supporting his conclusion that probable cause existed to believe that drugs, paraphernalia and drug money were located inside the residence.  (Document 17-2, pp. 4, 5-8).

Deputy Devinny's affidavit demonstrates that between August 27, 2004 and September 16, 2004, law enforcement used a confidential source ("CS") to conduct four controlled buys at the residence.  (Document 17-2, pp. 5-8).  After each of the controlled buys, the CS relayed to law enforcement agents that Defendant had emerged from the residence before handing narcotics to the CS. (Document 17-2, pp. 6, 7, 8).  In his affidavit, Deputy Devinny maintains that the CS's version of the events of each of the controlled buys was consistent with what had been monitored and recorded by law enforcement agents via audio and

video transmitting devices.  (Document 17-2, pp. 6, 7, 8).

The search warrant was granted and law enforcement agents executed it on September 29, 2004.  (Document 20, ¶ 7).  The search of the residence uncovered, among other things, 71.8 grams of crack cocaine, 6.4 grams of powder cocaine, 17.6 grams of marijuana, and over $2,500 cash.  (Document 17-2, p. 10).  Defendant brings this motion to suppress the evidence uncovered as a result of the execution of the search warrant, arguing that Deputy Devinny's affidavit in support of the application for the warrant failed to establish probable cause that "instrumentalities of crime would be found *inside* the residence . . .". (Document 17-1, ¶ 5).  Defendant also contends that the CS was "unreliable," and the evidence should therefore be suppressed.  (Document 17-1, p. 8).

**II.     Discussion**

The Fourth Amendment of the Constitution of the United States requires that a search warrant issue only upon probable cause.  United States v. Rich, 407 F.2d 934, 936 (5th Cir. 1969), cert. denied, 395 U.S. 922 (1969) (citing Dumbra v. United States, 268 U.S. 435, 441 (1925)).  Evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search and seizure.  United States v. Calandra, 414 U.S. 338, 347 (1974) (citations omitted).  A defendant moving to suppress evidence obtained as a result of the execution of a search warrant has the burden of establishing that the search violated his or her Fourth Amendment

rights.  United States v. Molina-Garcia, 634 F.2d 217, 218 (5th Cir. 1981).  In arguing that the probable cause requirement has not been satisfied, the defendant must show that the facts stated in the affidavit are not "'sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched.'"  United States v. Roland, No. 04-10941, 2005 U.S. App. LEXIS 10293, at *2 (11th Cir. May 31, 2005) (quoting United States v. Jiminez, 224 F.3d 1243, 1248 (11th Cir. 2000)).

In determining the validity of a search warrant, this Court may consider only the information brought to the attention of the judicial officer issuing the warrant.  United States v. Lockett, 674 F.2d 843, 845 (11th Cir. 1982). Therefore, in cases where the judicial officer is provided only an affidavit outlining the events that give rise to a finding of probable cause, a court's review is limited to the four corners of the affidavit.  See id.  A reviewing court must read the affidavit in a common sense fashion, and must not interpret it with a grudging or negative attitude or in a hypertechnical manner.  Id. (citing United States v. Ventresca, 380 U.S. 102, 108 (1965)); Molinas-Garcia, 634 F.2d at 218 n.2. Moreover, "great deference [must be] given to the [judicial officer's] finding which should be upheld in marginal or doubtful cases."  Lockett, 674 F.2d at 845.

In the instant case, Defendant contends that Deputy Devinny's affidavit failed to establish probable cause because during all four of the controlled buys, the CS remained outside of the residence, and therefore there was no probable

cause to believe that there were drugs inside the residence.  (Document 17-1, pp. 6, 7, 8.)  However, as the Government points out in its response to Defendant's motion, the affidavit clearly demonstrates that during each controlled buy, Defendant emerged from the residence immediately before handing narcotics to the CS.  (Document 20, ¶¶ 3-6).  Therefore, in reading the affidavit in a "common sense" manner and in giving deference to the judgment of the judicial officer issuing the warrant, this Court finds that probable cause existed to support a conclusion that evidence or other contraband could be found inside the residence.  See Lockett, 674 F.2d at 845; Roland, 2005 U.S. App. LEXIS 10293 at *2.  See also United States v. Francis, 367 F.3d 805, 827 (8th Cir. 2004), vacated on other grounds, 125 S. Ct. 988 (2005) (law enforcement's observation of suspected drug dealer entering apartment building created probable cause to search apartment); United States v. Jones, 69 Fed. Appx. 401, 404 (10th Cir. 2003), cert. denied, 540 U.S. 1127 (2004) (law enforcement's observation of suspected drug dealer entering residence, when viewed in the "totality of the information," created probable cause to search residence).

Defendant also argues that CS's "unreliab[ility]" negates any finding of probable cause.  (Document 17-1, pp. 6, 7, 8).  However, as the Eighth Circuit has pointed out, "by arranging and monitoring a controlled buy . . . [law enforcement] officers reliably corroborate[] the [CS]'s information . . .".  United States v. Pennington, 287 F.3d 739, 742 (8th Cir. 2002), cert. denied, 537 U.S.

1022 (2002). Additionally, by virtue of his or her cooperation with law enforcement, a CS necessarily implicates himself or herself in criminal activity, which tends to further support a finding of probable cause. Id. (citing United States v. Harris, 403 U.S. 573, 583-84 (1971).

Because this Court finds that the probable cause requirement for the issuance of the search warrant had been satisfied, there is no need to address Defendant's argument that the facts of this case do not fall within the purview of the "good faith" exception under United States v. Leon, 468 U.S. 897 (1984). (Document 17-1, ¶ 7). Accordingly, it is

    **ORDERED AND ADJUDGED** as follows:

1. Defendant's motion to suppress evidence obtained by execution of the search warrant on September 29, 2004 is DENIED.

2. This Court will render judgment as to the remainder of the issues raised in Defendant's motions (Documents 17-1, 23, and 27) upon completion of the evidentiary hearing scheduled for June 8, 2005.

**DONE AND ORDERED** in chambers this 8th day of June, 2005.

    *s/ Stephan P. Mickle*
    Stephan P. Mickle
    United States District Judge